**Frank J. VALENTI,**

v.

**INTERNATIONAL MILL SERVICE, INC., et al.**

**Civ. A. No. 84–1218.**

United States District Court, E.D. Pennsylvania.

Sept. 8, 1986.

George Wood, Norristown, Pa., for plaintiff.

Michael F. Kraemer, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Seven days prior to filing his notice of appeal, the plaintiff Frank J. Valenti filed three motions to amend the final judgment in this matter, as well as a motion for attorneys fees.

■ The plaintiff moves to amend the judgment to recover costs resulting from his move to and from Whiting, Indiana. The plaintiff claims he incurred expenses of $14,690.00 as a result of being required to move. As I stated in my letter to the parties dated January 7, 1986, and as I reiterated in my Order of March 20, 1986, I am satisfied that the defendant has complied with the Order of December 23rd. The moving expenses the defendant has offered to pay the plaintiff are delineated in the memorandum from Harry B. Meran to Frank J. Valenti, dated January 6, 1986. The plaintiff has been paid his reasonable expenses while working in Whiting, Indiana and the cost of moving his furniture back to Philadelphia. The defendant has no obligation to pay the plaintiff's extraordinary claims.

■ The plaintiff moves to "amend the judgment to provide for full pension benefits upon plaintiff's retirement." The plaintiff claims the defendant should pay back into the pension plan the pension benefits which the plaintiff elected to receive "early" during the period from the termination of the plaintiff's employment to his reinstatement. The plaintiff has, of course, since been reinstated and has recovered his full salary and benefits for the period from the termination of his employment to his reinstatement (plus an equal amount as liquidated damages). When he retires, his pension will be calculated as if he had always been employed at IMS at full salary. Now he asks the court for an additional and unique recovery: namely, to have the defendant pay back to the pension plan the benefits which the plaintiff elected to receive, and did receive, early.

The plaintiff is entitled under the law to be made whole. He is not entitled to be paid the same benefits twice. He is not entitled both to keep the pension payments paid to him early and still have his pension calculated as if he had not received these payments. If the plaintiff wishes his pension to be calculated as if he had not received any early payments, then *he* must make the appropriate re-payment to the pension plan.

■ The plaintiff moves for pre-judgment interest. He argues that it is appropriate to amend the judgment to include interest on the judgment from May 1, 1985. 28 U.S.C. § 1961(a) provides that "interest shall be calculated from the date of the entry of the judgment...." Judgment was entered in this case on June 5, 1986. Having received liquidated damages, the plaintiff is not entitled to pre-judgment interest. *See Berndt v. Kaiser Aluminum & Chemical Sales, Inc.*, 604 F.Supp. 962, 38 FEP Cases 182 (1985).

The plaintiff moves for attorneys fees. The plaintiff shall be required to submit this motion following disposition of the appeal before the Third Circuit.

## ORDER

AND NOW, this 8th day of September, 1986, for the reasons set forth in the foregoing Memorandum, it is ORDERED that the following motions by plaintiff Frank J. Valenti are DENIED:

1. motion to amend the judgment to recover costs resulting from plaintiff's move to and from Whiting, Indiana together with interest;

2. motion to amend judgment to provide for full pension benefits upon plaintiff's retirement;

3. motion to amend judgment to add interest from the date of verdict and post judgment interest.

IT IS FURTHER ORDERED that the plaintiff's motion for attorneys fees is DISMISSED as premature.